UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RENEE GABET, | ) | |
| ANNIE OAKLEY ENTERPRISES INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02246-JPH-MKK |
| | ) | |
| AMAZON.COM INC, | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Plaintiffs, Renee Gabet and Annie Oakley Enterprises, Inc., seek leave to

file a Second Amended Complaint in this trademark infringement suit against

Amazon.  For the reasons below, that motion is **DENIED**.  Dkt. [90].

## I.      Background

Plaintiffs brought this action in January 2022 in the Northern District of

Indiana alleging federal and state law trademark infringement claims against

Amazon.  Dkt. 1.  Plaintiffs then amended their complaint in April 2022.  Dkt.

22.  After the case was transferred to this district in September 2022, dkt. 45,

the Court set an April 21, 2023, deadline for "all motions for leave to amend

the pleadings."  Dkt. 60 at 2.

Two weeks before that deadline, Plaintiffs' counsel emailed Amazon's

counsel about adding allegedly infringing products in an amended complaint:

> If I am going to provide a list of ASINs[1], it would be
> simpler to do so in an amended complaint that lists the
> ASINs in an exhibit . . . Does Amazon object to a motion
> for leave to file an amended complaint that lists ASINs?

Dkt. 95-1 at 4. However, Plaintiffs did not file an amended complaint before the April 21 deadline. *See* dkt. 60 at 2. Instead, they filed a motion for leave to amend on May 8, 2023, arguing that they didn't know an amendment would be necessary until the parties held a meet and confer on April 28. Dkt. 90. Amazon opposes the motion for leave to amend, arguing that it is untimely, brought in bad faith, prejudicial, and futile. Dkt. 100 at 1–2.

## II.    Analysis

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, when a motion for leave to amend is untimely, courts should "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16, the court's pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720. "Generally speaking, it is reasonable to

---

[1] "ASIN" refers to an "Amazon Standard Identification Number" which is "typically a 10-digit alphanumeric code" assigned to each product available on Amazon.com. Dkt. 100 at 8, n.2.

conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).

Here, Plaintiffs have not satisfied Rule 16(b)'s good cause standard. The emails that Plaintiffs' counsel sent to Amazon's counsel two weeks before the amendment deadline show that Plaintiffs were aware of the alleged need to amend their complaint, dkt. 95-1 at 4, but they did not seek leave to amend or try to extend the deadline, *see Allen*, 41 F.4th at 853. In short, Plaintiffs simply "watche[d the] deadline pass even though" they believed they had "good reason to act or seek an extension of the deadline." *Id.*

Nevertheless, Plaintiffs argue that "it was only after a meet and confer on April 28, 2023, that Amazon defied" an order about the scope of discovery by taking the position that discovery should be limited to products in the operative complaint. Dkt. 90 (citing dkt. 69 at 1). But that does not justify Plaintiffs' delay because they knew Amazon's discovery position by at least April 11, still ten days before the deadline to seek to amend their complaint. *See* dkt. 95-1 at 2 (Plaintiffs' counsel stating that "Amazon refuses to provide information about products" not pictured in the operative complaint). That left time for Plaintiffs to file a timely motion for leave to amend or to seek to extend the deadline while litigating their discovery dispute. Plaintiffs did neither, so they have not shown diligence or "good cause" for their failure to file a timely motion

for leave to amend.  Fed. R. Civ. P. 16(b)(4); *Brown*, 41 F.4th at 853.[2]

The motion for leave to file a second amended complaint is **DENIED**.

Dkt. [90].

**SO ORDERED.**

Date: 9/19/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[2] Because the Court resolves the motion under Fed. R. Civ. P. 16, it does not consider whether amendment would be allowed under Fed. R. Civ. P. 15.  *Alioto*, 651 F.3d at 719.