UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE GABET,<br>ANNIE OAKLEY ENTERPRISES<br>INC., | )<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:22-cv-02246-JPH-MKK |
| | ) |
| AMAZON.COM INC,<br>JOHN DOES 1-50, | )<br>) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
AMAZON'S MOTION TO DISMISS**

Renee Gabet and her company, Annie Oakley Enterprises, Inc., allege

that Amazon has infringed on their trademarked fragrance names by marketing

health and beauty products on Amazon.com.  Amazon has moved to dismiss

the Amended Complaint for failure to state a claim.  Dkt. [28].  For the reasons

below, that motion is **GRANTED in part and DENIED in part**.

**I.
Facts and Background**

Because Amazon has moved for dismissal under Rule 12(b)(6), the Court

accepts and recites "the well-pleaded facts in the complaint as true." *McCauley*

*v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Gabet owns and operates Annie Oakley Enterprises, Inc., which

makes and sells health and beauty products including perfumes, essential oils,

lotions, oils, shampoos, conditioners, and bath salts.  Dkt. 22 at 2–3 (Amended

Complaint).  The products incorporate unique proprietary fragrance blends

1

designed by Ms. Gabet.  *Id.* at 3.  Plaintiffs sell them at the Annie Oakley retail store in Ligonier, Indiana; through a network of dealers; and online.  *Id.*

Ms. Gabet owns federal trademark registrations for the names of several proprietary fragrances including "Indian Musk," "Sagebrush," "Sunset," and "Morning Dew."  *See id.* at 4–5.  The trademarks "have become widely recognized for high quality, therapeutic grade essential oils, shampoos, hair conditioners, body soaps, and body powders" and "are an indication of origin and of high quality of the products sold using the marks."  *Id.* at 18–19.  "Annie Oakley is the sole licensee" of the trademarks and Ms. Gabet "has given Annie Oakley the right to serve [as] her legal representative."  *Id.* at 5.

Plaintiffs use the trademarks on product labels, on sample bottles, in catalogs, on advertising inserts, and on shelf signs, and have used them "on its webpage, on Facebook, on Instagram, in Internet ads, in Internet URLs, and in SEO (search engine optimization)."  *Id.* at 5–6.  The trademarks' use "in Internet URLs allows Internet search engines like Google, Bing and DuckDuckGo to more efficiently direct Internet users that do text searches for Plaintiffs' products."  *Id.*

Beginning in 2018, Ms. Gabet notified Amazon several times through its "infringement reporting portal" that certain products being sold on Amazon were infringing on her trademarked fragrance names.  *Id.* at 6.  Each time, Amazon acknowledged the message but did not stop the allegedly infringing products from being sold.  *Id.*  At least four other times, Ms. Gabet sent written notices of infringement to Amazon.  *Id.* at 7.  In response, Amazon would

sometimes stop selling the products for a few days "only to resume selling, claiming the resumption was 'inadvertent.'" *Id.* Amazon continually changes the identification numbers ("ASIN") assigned to items to "obscure the extent of Amazon's willful infringement." *Id.* at 15.

In 2020, Ms. Gabet sent Amazon a list of her trademarks so that there would be "absolutely no confusion about [her] trademark rights." *Id.* at 7–9. Despite receiving that list, Amazon continues to sell products that allegedly infringe on Plaintiffs' trademarks. *Id.* at 10, 19–20. For example, Amazon sells perfumes, lotions, and essentials oils that use the names "Indian Musk," "Sagebrush," "Sunset," and "Morning Dew," but are not affiliated with Annie Oakley or Ms. Gabet. *Id.* at 10–14. Ms. Gabet contends that Amazon's infringement has harmed the reputation of her trademarks as consumers have complained about the quality of the items sold by Amazon. *Id.* at 16–17.

Plaintiffs bring federal and state law claims against Amazon. Counts I and II assert federal claims under the Lanham Act for trademark infringement, 15 U.S.C. § 1114, and unfair competition, 15 U.S.C. § 1125(a). Dkt. 22 at 23–27. Counts III and IV assert Indiana state-law claims for unfair competition and trademark infringement. *Id.* Amazon has moved to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 28.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted."

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616. Indiana substantive law governs the state-law claims set forth in Counts III and IV. Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend Mutual Insurance Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

### III.
### Analysis

#### A. Likelihood of confusion

Amazon argues that Counts I, II, and III should be dismissed because they "lack[ ] plausible allegations of likelihood of consumer confusion, especially because" they do not allege "how plaintiffs use the trademarks." Dkt. 29 at 14–17. Plaintiffs respond that their allegations show that they have

"continuously" used the marks on many products in Indiana and online.  Dkt. 31 at 2–4.

To prevail on their claims for trademark infringement or unfair competition, Plaintiffs must show (1) that the mark is protectable, and (2) that the defendant's use of that mark is likely to cause confusion among consumers.  *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016); *Fortes Grand Corp. v. Warner Bros. Ent. Inc.*, 763 F.3d 696, 700 n.4 (7th Cir. 2014) (Indiana trademark infringement claim is "analyze[d] . . . the same as Lanham Act trademark claims."); *see Keaton & Keaton v. Keaton*, 842 N.E.2d 816, 820 (Ind. 2016) (Indiana-law trademark claims require likelihood "to cause confusion.").  "But general confusion 'in the air' is not actionable.  Rather, only confusion about 'origin, sponsorship, or approval of . . . goods' supports a trademark claim."  *Fortes Grand Corp.*, 763 F.3d at 701.  "To decide if there is a likelihood of confusion, [the Court] ask[s] whether consumers who might use either product would likely attribute them to a single source."  *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019).  Seven factors are considered:

> (1) the degree of similarity between the marks; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care consumers are likely to use; (5) the strength of Plaintiff's mark; (6) actual consumer confusion; and (7) the defendant's intent to "palm off" its product as that of another.

*Id.*  No one factor is decisive, but "the similarity of the marks, the defendant's intent, and actual confusion" are most important.  *Id.*

Some district courts have evaluated these seven factors when ruling on motions to dismiss, if the trademark-infringement claim is narrow and developed enough to allow the analysis. *E.g. Republic Tech. (NA), LLC v. Friends Trading Inc.*, No. 19 C 7991, 2020 WL 5905218 (N.D. Ill. Oct. 6, 2020). But the highly fact-intensive test "ordinarily does not lend itself to a motion to dismiss." *Slep-Tone Entertainment Corp v. Coyne*, 41 F. Supp. 3d 707, 715 (N.D. Ill. May 8, 2014). That's the case here because Amazon argues only that Plaintiffs don't identify how each "particular trademark" is used, so "it is not possible to apply the seven-factor test." Dkt. 29 at 18 (arguing that Plaintiffs should have identified, "[f]or example, . . . whether plaintiffs use the trademark "Sunset" on essential oils or shampoos or hair conditions or body soaps or body powders or other International Class goods and, if so, which ones"); dkt. 33 at 4.

But Plaintiffs have plausibly alleged that they use all their trademarks widely enough—including extensively online—that they could be confused with products sold on Amazon. Specifically, they allege that they have "continuously used" their trademarks, "including the trademarks infringed by Amazon," on its products and advertising, and "on its webpage, on Facebook, on Instagram, in Internet ads, in Internet URLs, and in SEO (search engine optimization)." Dkt. 22 at 5–6. This allegation of broad, consistent use is enough at this stage—an itemized breakdown of each trademark's specific use in products is not required. *See Chapman v Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("[I]t is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts

6

corresponding to each.").   Plaintiffs have set forth plausible allegations that could show likelihood of confusion and that's enough at this juncture.  *See Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) (A complaint "need not supply the specifics required at the summary judgment stage" to be plausible.).

Amazon's motion to dismiss is therefore **denied** on this basis.

### B. Amazon's use of the marks

Amazon argues that Plaintiffs' claims related to 15 of the identified trademarks should be dismissed because Plaintiffs have not alleged "any . . . use [of them] by Amazon."  Dkt. 29 at 21–22.  Plaintiffs respond that they sufficiently allege Amazon's use of the trademarks generally, considering that Amazon has "willfully concealed" the specific infringing product listings.  Dkt. 31 at 5–7.

To state a trademark-infringement claim, Plaintiffs must plausibly allege that Amazon used the protected marks.  *See Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016).  Here, for 15 of their trademarks, Plaintiffs allege only that Amazon "has displayed, listed, and sold other products that infringe" them.  Dkt. 22 at 15.  That allegation is too vague to support a "reasonable inference" that Amazon used any of those marks.  *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (a complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests").

While Plaintiffs argue that they need discovery on those trademarks because Amazon has concealed its infringement, that does not relax the

governing pleading standards.  *See Id.* at 603.  Instead, "a defendant should

not be forced to undergo costly discovery unless the complaint contains enough

detail . . . to indicate that the plaintiff has a substantial case."  *Id.* (explaining

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Plaintiffs cite no controlling

authority in support of their contrary argument.  Moreover, Plaintiffs' argument

that "discovery is needed to identify the ASINs Amazon has associated with the

products," dkt. 31 at 5, is undermined by their allegations of Amazon's use of

the trademarks, "Indian Musk," "Sagebrush," "Sunset," and "Morning Dew."

Dkt. 22 at 11-14.  So "[a]llowing this case to proceed. . . would sanction a

fishing expedition costing both parties, and the court, valuable time and

resources."  *Id.* at 604.

Amazon's motion to dismiss is therefore **granted** as to all trademarks

other than "Indian Musk," "Sagebrush," "Sunset," and "Morning Dew."  *See* dkt.

22 at 10–14.[1]

### C. Damages for counterfeiting

Amazon argues that Plaintiffs' claim to damages for "counterfeiting" in

Count I must be dismissed because Plaintiffs have not pleaded their specific

use of their trademarks.  Dkt. 29 at 21–22.  Plaintiffs respond that they have

plausibly alleged counterfeiting by identifying how they use the marks

generally, including on labels, in-store, and in advertising materials.  Dkt. 31

at 7–8.

---

[1] Plaintiffs argue that a fifth trademark, "Rise 'N Shine," should also proceed "at a very
minimum," dkt. 31 at 5, but unlike for the four trademarks that will proceed, they
have not pleaded any plausible infringement for "Rise 'N Shine."  Dkt. 22 at 15.

To obtain statutory damages for counterfeiting, a plaintiff must show that the defendant used a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark," 15 U.S.C. §§ 1117(c), 1127.  Here, Plaintiffs allege that their marks are "identical with or substantially indistinguishable from" those used by Amazon because "Amazon has used the exact words or phrases to list, sell, and distribute infringing products." Dkt. 22 at 17.  So, as with likelihood of confusion, Plaintiffs have provided enough allegations to put Amazon on notice of a plausible claim of counterfeiting damages.  *See Graham*, 8 F.4th at 627 (A complaint "need not supply the specifics required at the summary judgment stage" to be plausible.).

Amazon nevertheless argues that it's impossible to determine whether the allegedly infringing use is "identical with or substantially indistinguishable from" Plaintiffs' mark without pictures of Plaintiffs' products.  Dkt. 29 at 21–22.  Amazon relies principally on *North American Van Lines, Inc. v. North American Moving & Storage, Inc.,* No. 1:18-cv-00196-HAB, 2020 WL 703178, at *4 (N.D. Ind. Feb. 10. 2020.  But the issue before the Court in *North American Van Lines* was a motion for default judgment rather than a Rule 12(b)(6) motion filed before evidence is available.  *North American Van Lines*, 2020 WL 703178, at *2 (considering evidence provided with the motion for default judgment to compare marks' similarity).  Here, Amazon is on notice of a plausible claim for counterfeiting damages; whether the evidence ultimately supports it is properly left for later proceedings.  *See Graham*, 8 F.4th at 627.

9

Amazon's motion is therefore **denied** as to Plaintiffs' claim for counterfeiting damages.

### D. Annie Oakley's Lanham Act trademark infringement claim

Amazon argues that Count I must be dismissed as to Annie Oakley because Ms. Gabet, not Annie Oakley, is the "registrant" of the trademark. Dkt. 29 at 23–25.  Plaintiffs respond that Annie Oakley qualifies as a "registrant" as Ms. Gabet's sole licensee and legal representative.  Dkt. 31 at 8.

"The Lanham Act grants standing to trademark registrants, defining that term to include registrants and their 'legal representatives, predecessors, successors, and assigns.'"  *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (quoting 15 U.S.C. § 1127).  But "only the current owner of the mark can claim infringement." *Id.* [2]

Plaintiffs allege that Annie Oakley is a "registrant," but the scope of registrants under the Lanham act is a legal conclusion that the Court is "not bound to accept as true." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Regardless, trademark infringement claims may be made only by the "current owner" of the trademark.  *Specht*, 747 F.3d at 933 (affirming dismissal of registrants' infringement claim because assignee was also party to the suit). Because Ms. Gabet owns the trademarks and is a plaintiff in this action, Annie Oakley cannot also bring a trademark infringement claim.  *Id.* (rejecting argument that "because the definition of 'registrant' in the Lanham Act is

---

[2] "Standing" under the Lanham Act does not implicate subject-matter jurisdiction. *See Specht*, 747 F.3d at 933 (affirming dismissal under a Rule 12(b)(6) motion).

conjunctive, both the registrants . . . *and* the assignee . . . have standing to sue.").

Therefore, Count 1 is **dismissed** as to Annie Oakley for lack of standing.

### E. Indiana common law unfair competition

Amazon argues that Plaintiffs' state-law unfair competition claim must be dismissed because (1) it does not adequately allege that Amazon "passed off" its products as Plaintiffs' products, and (2) the allegation that Amazon used Plaintiffs' "advertising idea" cannot support an unfair competition claim under Indiana common law.  Dkt. 29 at 25–27.  Plaintiffs respond that their allegations provide notice of a passing off claim and that their advertising idea theory is viable under Indiana law.  Dkt. 31 at 9–10.

Indiana common law defines the tort of "unfair competition" as "the attempt to create confusion concerning the source of the unfair competitor's goods."  *Feisher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001).  Indiana courts have recognized "subspecies of unfair competition" including "passing off," trade name infringement, and tortious interference with contracts.  *Keaton*, 842 N.E.2d at 819–20.

A "passing off" theory applies when "the defendant intentionally deceives a consumer by falsely representing his goods as those of a different producer."  *Heckler v. Koch, Inc.*, 1:11-cv-01108-SEB-TAB, 2013 WL 12291720, at *11 (S.D. Ind. Sept. 27, 2013) (citing *Keaton*, 841 N.E.2d at 820).  Plaintiffs, however, have not alleged that Amazon held out any product as an actual "Annie Oakley" product—much less that Amazon did so "intentionally."  *See id.*;

dkt. 22.  Instead, they merely invoke the term "passing off," dkt. 31 at 9, which is not enough to state a plausible claim.  *McCauley*, 671 F.3d at 616.  Plaintiffs therefore may not proceed on their "passing off" theory.

Plaintiffs' "advertising idea" theory relies on allegations that Amazon incorporated their trademarks into URLs.  Dkt. 22 at 27.  Plaintiffs rely on *Liggett & Meyer Tobacco Co. v. Meyer*, an Indiana Court of Appeals decision from 1935, to argue that this theory can state a claim under Indiana common law.  194 N.E. 206, 207 (Ind. Ct. App. 1935).  *Liggett* explained that "an abstract idea" is not a property right until "it takes upon itself [a] concrete form."  *Id.* at 210.  So, in *Liggett*, a cigarette advertisement met that standard when it involved a billboard with "[t]wo gentlemen, well groomed, in working clothes or in hunting togs apparently engaged in conversation, one extending to the other a package of cigarettes."  *Id.* at 207, 210.

*Liggett* therefore does not support Plaintiffs' "advertising idea" theory.  To the extent it says anything about how Indiana courts would treat a claim based on using trademarks in internet URLs—the "addresses" that resources on the internet use to denote their location—it indicates that such an "idea" is too abstract to be protected.  *See id.* at 210.

From there, it's unlikely that the Indiana Supreme Court would expand common-law unfair competition to include an abstract "advertising idea."  *See Mashallah*, 20 F.4th at 319; *J.S. Sweet Co. v. Sika Chem. Corp.* 400 F.3d 1028, 1034 (7th Cir. 2005) (noting "reluctance . . . to expand state law.").  While Indiana broadly defines the tort of unfair competition, *Feisher*, 755 N.E.2d at

598, Plaintiffs cite no Indiana caselaw more recent than 1935 in arguing that any "advertising idea" theory should be actionable.  *See* dkt. 31 at 9.  And more specifically, it's unclear why using words or phrases in a URL could be a protectable "advertising idea" rather than simply a standard practice in categorizing products on the internet.  *Cf. Annie Oakley Enters., v. Rise-N-Shine, LLC*, No. 1:20-cv-00638-RLY-TAB, dkt. 104 at 6 (rejecting Plaintiffs' "advertising idea" claim because they "cite[d] to no case explaining what this cause of action is or how other courts have evaluated such a claim).

Because Plaintiffs have not plausibly alleged unfair-competition liability under Indiana common law, Amazon's motion to dismiss is **granted** as to Count IV.

### IV.
### Conclusion

Amazon's motion to dismiss is **GRANTED in part** and **DENIED in part**. Dkt. [28].  The motion is **GRANTED** as to (1) all trademarks other than "Indian Musk," "Sagebrush," "Sunset," and "Morning Dew"; (2) Count I's trademark infringement claim as to Annie Oakley; and (3) Count IV alleging Indiana common-law unfair competition.  The motion is otherwise **DENIED**.

**SO ORDERED.**

Date: 9/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel