UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE GABET, ANNIE OAKLEY ENTERPRISES INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:22-cv-02246-JPH-MKK ) |
| AMAZON.COM INC, JOHN DOES 1-50, | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

On September 19, 2023 the Court granted in part and denied in part Defendant Amazon's motion to dismiss Plaintiffs' complaint against it. Dkt. 139. The Court dismissed (1) Plaintiffs' claims as to "all trademarks other than 'Indian Musk,' 'Sagebrush,' 'Sunset,' and 'Morning Dew'"; (2) Count I's trademark infringement claim as to Annie Oakley; and (3) Count IV alleging Indiana common-law unfair competition. *Id.* at 13. About two weeks later, Plaintiffs filed a motion for leave to amend their complaint, seeking to add claims for another trademark, "Rise 'N Shine." Dkt. 149. Amazon opposes the amendment, arguing that it was sought past the deadline to amend the pleadings and "would massively expand the case." Dkt. 153.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, when a

1

motion for leave to amend is untimely, courts should "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16, the court's pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720. "Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).

      Here, Plaintiffs argue that they were diligent because they sought leave to amend about two weeks after the order on the motion to dismiss. Dkt. 149 at 2–3. But as explained in the Court's previous order denying leave to amend, the deadline was April 21, 2023 and Plaintiffs "simply watched the deadline pass." Dkt. 138 (relying on *Allen*, 41 F.4th at 853). This motion faces the same problem. Amazon argued a year before the amendment deadline that the complaint was deficient because it did "not provide a single example of how Amazon allegedly uses" fifteen of the trademarks—including "Rise 'N Shine"—identified in the amended complaint. Dkt. 29 at 20. Plaintiffs therefore "could and should have moved for an extension if they wished to preserve the opportunity for further amendments" after a ruling on the motion to dismiss.

2

*Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). "They did not do so." *Id.*

Moreover, Plaintiffs did not tailor their proposed second amended complaint to the pleading deficiencies identified in the motion to dismiss. Instead, they also added examples of more than thirty products that allegedly infringe other trademarks. *See* dkt. 149-1 at 11–16. They did not acknowledge or explain those additions in their motion for leave to amend. *See* dkt. 149 at 4 (arguing that "[t]he proposed amended complaint does not add any new claims"). And while they argue that the motion for leave to amend "is triggered by" the Court's ruling on the motion to dismiss, *id.* at 7, they do not argue that these other additions relate to the motion to dismiss, *see* dkt. 158.

So, in this situation, Plaintiffs have not shown good cause for seeking leave to file a second amended complaint after the deadline. *See id.*; *Allen*, 41 F.4th at 853 ("Generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline."). The cases that Plaintiffs cite did not hold otherwise because both were decided under Rule 15(a)'s liberal standard for amendment instead of when leave was sought after an undue delay. *See Runnion*, 786 F.3d at 519; *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Plaintiffs' motion for leave to amend is therefore **DENIED**. Dkt. [149].

3

**SO ORDERED.**

Date: 11/30/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

4