UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE GABET, ) | |
| ANNIE OAKLEY ENTERPRISES INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-02246-JPH-MKK |
| ) | |
| AMAZON.COM INC, ) | |
| JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE**

Renee Gabet and her company, Annie Oakley Enterprises, Inc., allege that Amazon has infringed on their trademarked fragrance names by selling confusingly similar health and beauty products. Dkt. 22.

On October 4, 2023, Amazon answered Plaintiffs' amended complaint and brought seven counterclaims. Dkt. 151 at 41–46. In response, Plaintiffs filed a motion to dismiss four of the counterclaims. Dkt. 171. Amazon thereafter amended its counterclaims within 21 days, dkt. 179; *see* Fed. R. Civ. P. 15(a)(1), so the Court denied Plaintiffs' motion to dismiss, dkt. 171, without prejudice as moot, dkt. 180.

Plaintiffs have moved to strike Amazon's amended counterclaims and to vacate the order denying as moot Plaintiffs' motion to dismiss. Dkt. [182]. They argue that Amazon's amended counterclaims were filed after the Case Management Plan's deadline without "good cause" and therefore violate the Case Management Plan and Federal Rule of Civil Procedure 16. *Id.* at 3-4; *see*

1

Fed. R. Civ. P. 16(b)(4) (requiring "good cause" for modifying a case management schedule). Amazon responds that it did not need leave of Court or "good cause" to file its amended counterclaims because Rule 15(a)(1) gave it the absolute right to file amended counterclaims "as a matter of course." Dkt. 200.

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" within 21 days after service of a Rule 12(b) motion. This rule provides "a guaranteed right to amend" within those 21 days. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 523 (7th Cir. 2015); *see also Martensen v. Chicago Stock Exch.*, 882 F.3d 744, 745 (7th Cir. 2018) ("Every plaintiff is entitled to file one amended complaint within 21 days."). So when Rule 15(a)(1) provides a right to amend, it takes the question of "whether to allow an amendment [ ] out of the court's hands entirely." *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015). Here, Amazon's amendment falls under that rule since it amended its counterclaims for the first time within 21 days after Plaintiffs filed their motion to dismiss. *See* dkt. 171; dkt. 179.

Plaintiffs do not dispute that Amazon filed its amended counterclaims within Rule 15(a)(1)'s 21-day timeframe, but argue that Amazon still had to show "good cause" under Rule 16 to amend its counterclaims since the Case Management Plan's deadline had passed. Dkt. 182 at 3 (citing Fed. R. Civ. P. 16(b)(4)). Rule 16(b)(3)(A) requires that the Case Management Plan "limit the

2

time to . . . amend the pleadings," and here, the CMP set April 21, 2023, as the deadline for "[a]ll motions for leave to amend the pleadings."  Dkt. 60 at 2.

Under Seventh Circuit precedent, however, a Rule 15(a)(1) amendment is a "guaranteed right," *Runnion* 786 F.3d at 523, and Plaintiffs cite no Seventh Circuit authority supporting that a CMP deadline under Rule 16 can extinguish that right.  Dkt. 182; Dkt. 207.  And here, the CMP did not abrogate or even mention Rule 15(a)(1); it only limited the time for filing "*motions* for *leave* to amend."  Dkt. 60 at 2. (emphases added).  Leave to amend was not required—and therefore a motion wasn't either—since Amazon amended its counterclaims "as a matter of course" within Rule 15(a)(1)'s 21-day window.  *See Swanigan*, 775 F.3d at 963; *Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir. 1986) ("Stewart did not say why he *asked* for leave, because Fed. R. Civ. P. 15(a) gives every plaintiff one free amendment . . . . [T]he district court was obliged to grant this unnecessary request.").  So the Case Management Plan's language does not apply, and "good cause" was thus not required under Rule 16(b)(4).[1]

Plaintiffs' citations to cases from other circuits do not authorize the Court here to abridge what the Seventh Circuit has referred to as a "guaranteed right" to amend under Rule 15(c)(1).  *See* dkt. 182 at 3–4.  *Design Basics, LLC*

---

[1] Plaintiffs also argue that Amazon should not be allowed to amend its counterclaims because the Court twice denied Plaintiffs leave to amend their complaint.  Dkt. 182 at 4–5.  However, Plaintiffs had already amended their complaint, dkt. 22, and the CMP's deadline for seeking leave to amend had already passed, dkt. 175.  Therefore, in contrast to when Amazon filed its amended counterclaims, Plaintiffs were required to both seek leave to amend under Rule 15(a)(2) and show good cause under Rule 16(b).

3

*v. Kerstiens Home & Designs, Inc.* doesn't help Plaintiffs either because it did not involve Rule 15(a)(1)'s "guaranteed right" to amend. There, the magistrate judge denied the plaintiffs' "request for leave to file a second amended complaint" after they had already amended "as a matter of course." No. 1:16-cv-00726-TWP-MPB, 2018 WL 1241994 at *1-2 (S.D. Ind. Mar. 9, 2018). So *Design Basics* does not support Plaintiffs' reading of the CMP as expansive enough to limit Rule 15(a)(1)'s right to amend. *Cf. Austerman v. Wal-Mart Stores E. L.P.*, No. 1:14-cv-433-LJM-TAB, 2015 WL 5287165 at *2 (S.D. Ind. Sept. 10, 2015) ("[I]n the absence of any controlling language in the Case Management Plan, the disclosure is not 'late.'").

Amazon thus amended its counterclaims as a matter of right under Federal Rule of Civil Procedure 15(a)(1), and here that right was not limited by the Case Management Plan or Rule 16. Plaintiffs' motion to strike Defendant's amended counterclaims and vacate the order denying the motion to dismiss as moot is therefore **DENIED**. Dkt. [182].

**SO ORDERED.**

Date: 4/17/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

4