UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE GABET, | ) |
| ANNIE OAKLEY ENTERPRISES INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 1:22-cv-02246-JPH-MKK |
| | ) |
| AMAZON.COM INC, | ) |
| JOHN DOES 1-50, | ) |
| | ) |
| Defendants. | ) |

**ORDER OVERRULING DEFENDANTS' DISCOVERY OBJECTION**

Plaintiffs Renee Gabet and her company, Annie Oakley Enterprises, Inc.,
allege that Amazon has infringed on their trademarked fragrance names by
selling confusingly similar health and beauty products.  Dkt. 22.  Plaintiffs'
amended complaint included pictures of products as "example[s]" that allegedly
infringed their "Indian Musk," "Sunset," and "Morning Dew" trademarks.[1]  *Id.*
at 10–14.  Plaintiffs then alleged that "Amazon has displayed, listed, and sold
other products that infringe Plaintiffs' trademarks in addition to those pictured
above," but they could not yet identify each product because of Amazon's sales
practices.  *Id.* at 15.  The amended complaint defined these products—whether
pictured or not—"as the 'Accused Products.'"  *Id.*

On November 16, 2023, Magistrate Judge Klump held a discovery
conference regarding several topics, including whether Plaintiffs were entitled

---

[1] The parties agree that claims under Plaintiffs' "Rise N Shine" and "Sagebrush"
trademarks are not part of this case.  Dkt. 170 at 32–33, 38–39; dkt. 175; *see* dkt. 166
at 1–2.

to discovery related to allegedly infringing products that were not specifically referenced in the amended complaint and identified with a corresponding image.  Dkt. 166 at 1.  Plaintiffs argued that Amazon was required to provide discovery on the "Accused Products" that Amazon identified by searching its internal databases with key words.  Dkt. 170 at 32–40.  Amazon contended that it had provided discovery on all products that are depicted in the operative complaint and "obvious variations of those products," but should not have to provide discovery on other products that weren't specifically identified.  *Id.* at 33–34.  Magistrate Judge Klump noted that Plaintiffs drafted the operative complaint "pretty expansively," dkt. 170 at 34, and later ruled:

> Defendant may not limit its productions regarding Accused Products to only those products depicted in Plaintiffs' Amended Complaint, (Dkt. 22). Defendant must produce responsive information for the approximately 34 Accused Product families identified by the agreed keyword search, as discussed at the Discovery Conference.

Dkt. 166 at 1.  Amazon objected to that ruling under Federal Rule of Civil Procedure 72(a).  Dkt. 176.

Federal Rule of Civil Procedure 72(a) allows district courts to consider "timely objections" to magistrate judges' orders "and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  "Clear error is an extremely deferential standard of review."  *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).  An order is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."

2

*Id.; see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943–44 (7th Cir.

1997) (discussing Rule 72(a) objections).

Amazon argues that the Magistrate Judge's ruling is clearly erroneous

because it orders discovery on "products that plaintiffs have twice tried and

failed to add to the complaint," making discovery on those products irrelevant

to any claim.  Dkt. 177 at 9.  Plaintiffs respond that the amended complaint's

broad allegations are not limited to the products that are specifically referenced

and identified with a corresponding image.  Plaintiffs further argue that the

Court's denial of their motions for leave to amend their complaint did not

narrow the scope of the amended complaint or the corresponding scope of

discovery.  Dkt. 183 at 8.

The denial of Plaintiffs' two motions for leave to amend their complaint

does not narrow the operative complaint and therefore does not narrow the

scope of discovery.  The Court denied Plaintiffs' motions because they did not

show good cause for seeking leave to amend after the Case Management Plan's

deadline passed.  Dkt. 138; dkt. 175.  As the Magistrate Judge explained,

Plaintiffs' attempt to clarify the Accused Products in an amended complaint

does not admit that those products weren't adequately identified in the prior

complaint.  Dkt. 170 at 34 ("[I]f [an amendment] had been granted, [] it would

have been crystal clear [that these Accused Products were included.]"  But

since it was denied, it's not "just an automatic win in [Amazon's] favor.").

The Magistrate Judge therefore properly examined the operative

complaint to determine whether the Accused Products at issue were included.

Dkt. 170 at 34–35.  She explained that because Plaintiffs' First Amended

Complaint used language like "in addition to those pictured" and "by way of

example," and alleged that Amazon sold "at least the following products," it was

hard for Amazon to contend that non-pictured Accused Products were not

included in Plaintiffs' claims.  *Id.*  After the conference, she ruled that:

> Defendant may not limit its productions regarding
> Accused Products to only those products depicted in
> Plaintiffs' Amended Complaint, (Dkt. 22).  Defendant
> must produce responsive information for the
> approximately 34 Accused Product families identified by
> the agreed keyword search, as discussed at the
> Discovery Conference.

Dkt. 166 at 1.

Because of the broad language in Plaintiffs' operative complaint, it was

not clearly erroneous for the Magistrate Judge to conclude that the Accused

Products are within the scope of the complaint.  *See Vasquez v. Indiana Univ.*

*Health, Inc.*, 40 F.4th 582, 587 (7th Cir. 2022) (A complaint "need only present

enough facts to raise a reasonable expectation that discovery will reveal

evidence."); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th

Cir. 2007) (The allegations "must be enough to give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.").  This pleading

standard applies equally in trademark cases.  *See Auto Driveway Franchise*

*Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019)

("[T]he federal courts require notice pleading, not fact pleading complete with

all the minutiae.").  The Magistrate Judge therefore did not clearly err in

determining that the scope of Plaintiffs' complaint included products sold by

4

Amazon that may infringe on Plaintiffs' trademarks regardless of whether those products were specifically identified and pictured in the complaint.  *See Auto Driveway*, 928 F.3d at 675.

From there, under Rule 26(b)(1), discovery can be ordered of "any nonprivileged matter relevant to any party's claim."  *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) ("[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery.").  Amazon argues only that the Accused Products not pictured in the complaint are not included in this case; it makes no other argument that the extent of discovery ordered by the Magistrate Judge could be clearly erroneous.  *See* dkt. 177; dkt. 201.  Indeed, when Magistrate Judge Klump asked Amazon about the potential burden from producing information about the Accused Product families, Amazon's counsel responded only that "[i]t's a lot of work" before pivoting to its argument that "the real burden is they're not in the case."  Dkt. 170 at 39.  Amazon's counsel concluded that allowing discovery on those Accused Products "would sanction a fishing expedition."  *Id.* at 40.  But that's not the case—the Accused Products were identified through a targeted keyword search that was designed and agreed to by the parties.  *Id.* at 33–39; dkt. 166 at 1.

This discovery ruling, of course, does not mean that any of Plaintiffs' claims are meritorious or would survive summary judgment.  *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019).  But the Magistrate Judge's ruling that allowed Plaintiffs to conduct discovery related to all Accused Products—regardless of whether they are specifically referenced and

identified with a photograph in the amended complaint—was not clearly erroneous.

Amazon's objection is therefore **OVERRULED**.  Dkt. [176].[2]  The Magistrate Judge is asked to set appropriate deadlines for completing discovery and creating a complete and final listing of the Accused Products proceeding in this case in advance of the dispositive motion deadline.

**SO ORDERED.**

Date: 4/17/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[2] The Court does not address Plaintiffs' alternate argument that the objection was untimely because Magistrate Judge Klump had previously decided this issue without objection.  *See* dkt. 183 at 7 (citing dkt. 69 at 1).