UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE GABET,<br>ANNIE OAKLEY ENTERPRISES INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:22-cv-02246-JPH-MKK<br>) |
| AMAZON.COM INC,<br>JOHN DOES 1-50, | )<br>)<br>) |
| Defendants. | )<br>) |
| AMAZON.COM INC, | )<br>) |
| Counter Claimant, | )<br>) |
| v. | )<br>) |
| ANNIE OAKLEY ENTERPRISES INC.,<br>RENEE GABET, | )<br>)<br>) |
| Counter Defendants. | )<br>) |

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**

Plaintiffs Renee Gabet and her company, Annie Oakley Enterprises, Inc., allege that Amazon has infringed on their trademarked fragrance names by selling confusingly similar health and beauty products. Dkt. 22. Defendant Amazon has filed seven counterclaims, four of which seek cancellation of trademark registrations issued to Plaintiffs. Dkt. 179 at 42–47. Plaintiffs have filed a motion to dismiss those four counterclaims. Dkt. [293]. For the reasons below, that motion is **DENIED**.

1

# I.
# Facts and Background

Because Plaintiffs have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the [counterclaim] as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Gabet owns and operates Annie Oakley Enterprises, Inc., which makes and sells health and beauty products including perfumes, essential oils, lotions, oils, shampoos, conditioners, and bath salts. Dkt. 22 at 2–3. Ms. Gabet has federal trademark registrations for the names of several proprietary fragrances. *See id.* at 4–5. In January 2022, Plaintiffs brought this case against Amazon alleging trademark infringement and unfair competition. Dkt. 1; dkt. 22.

In December 2023, Amazon answered Plaintiffs' amended complaint and filed seven counterclaims. Dkt. 179. In the first four of those counterclaims, Amazon alleges that Ms. Gabet submitted to the U.S. Patent and Trademark Office ("USPTO") at least 19 "false declarations under the penalty of perjury when applying for, prosecuting, and maintaining" registrations for the trademarks Sunset, Indian Musk, and Morning Dew. *Id.* at 19. All of the alleged false declarations involve Ms. Gabet's intended or actual use of the trademarks at issue for various products such as perfumes, body powders, bath soaps, and lotions. *Id.* at 21–42. For intended use, Amazon alleges that Ms. Gabet's declarations to the USPTO that she had the "bona fide intention" to use the trademarks on certain products were false because she, in fact, did not

2

have that intention when she made the declarations. *Id.* at 19–20. And for Ms. Gabet's actual use declarations, Amazon alleges that Ms. Gabet's declarations to the USPTO regarding her use of the trademarks were false because she, in fact, was not using the trademarks in those ways when she made the declarations. *Id.*

For Ms. Gabet's two registrations for Sunset, Amazon alleges that Ms. Gabet made about a dozen false statements to the USPTO between December 1996 and May 2016. *Id.* at 21–33. For the registration for Indian Musk, Amazon alleges several false statements made to the USPTO between June 1993 and September 2023. *Id.* at 33–38. And for the registration for Morning Dew, Amazon alleges three false statements made to the USPTO between January 1999 and October 2022. *Id.* at 37–42. Amazon seeks cancellation of those four trademark registrations under 15 U.S.C. § 1119. *Id.* at 41–44.

Plaintiffs have filed a motion to dismiss those four counterclaims with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Dkt. 293.

## II.
## Rule 12(b)(6) Standard

Parties may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a pleading "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the [counterclaim] as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

The parties agree that Amazon's counterclaims must plead fraud with "particularity" under Federal Rule of Civil Procedure 9(b). Dkt. 293-1 at 2; dkt. 321 at 3. Under that standard, a party "ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011)

4

(explaining Fed. R. Civ. P. 9(b)'s standard). Plaintiffs argue that Amazon has not pleaded fraud on the USPTO with particularity because it alleges only that misrepresentations occurred without identifying their content or why they were "material." Dkt. 293-1 at 2–6. Amazon responds that its counterclaims meet Rule 9(b)'s pleading standard by alleging specific false statements and explaining that those statements were material because the USPTO relied on them in its determinations. Dkt. 321 at 4–8.

Amazon has pleaded the four counterclaims at issue by alleging at least nineteen specific "knowingly false" statements to the USPTO. Dkt. 179 at 21–42. Amazon's allegations for each statement identify who made the statement, the date it was made, the USPTO filing it was in, and its content. *Id.* For that content, seven of those statements are Ms. Gabet's declarations to the USPTO about her "bona fide intention" to use "Sunset," "Indian Musk," and "Morning Dew" in specific product categories. *Id.* The remaining statements are Ms. Gabet's declarations to the USPTO that she was actually using "Sunset," "Indian Musk," and "Morning Dew" on products. *Id.* Amazon alleges that all of those statements about Ms. Gabet's intended and actual use of the marks are false because they did not accurately state her "bona fide intention" to use the trademarks or her actual use of the trademarks at the time she made the declarations. *Id.* Moreover, Amazon has requested discovery to support those statements, but none has been produced. *Id.*

Amazon's specific allegations about each alleged false statement thus explain the "who, what, when, where, and how" of the alleged fraud, which is

5

enough to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.*, 631 F.3d at 441–42. Indeed, Amazon has individually specified the content of each one of Ms. Gabet's allegedly false statements about her intended or actual use of the mark at issue. For example, for one of the allegations for Sunset:

> **False October 15, 1999 Intent-to-Use Declaration ('492 Reg.)**
>
> 29. On about October 18, 1999, Gabet submitted a Request for Extension of Time to File a Statement of Use. The request included Gabet's declaration, dated October 15, 1999, and signed under the penalty of perjury, that she had a continued bona fide intention to use Sunset in connection with body powders, bath gels, soaps for skin, face, body, and bath, and body lotions.
>
> 30. This declaration was knowingly false and Gabet intended to deceive the USPTO. Gabet has no documents or things that corroborate the declaration.

Dkt. 179 at 24.

Each other allegation, including for Indian Musk and Morning Dew, follows the same pattern. To give two more examples:

### False June 7, 1993 Intent-to-Use Declaration

71.     On about June 21, 1993, Gabet requested registration of Indian Musk and submitted a statement of use. The request included a declaration, dated June 7, 1993, and signed under the penalty of perjury, stating Gabet is using Indian Musk in commerce on or in connection with cologne, perfume, and body powder and that the mark was first used in November 1985.

72.     This declaration was knowingly false. Gabet has no documents or things that corroborate the full scope of this declaration and Gabet intended to deceive the USPTO. The specimen that accompanied the declaration corroborates only part of the declaration because it depicts the use of Indian Musk on packaging for only spray cologne.

*Id.* at 34.

### The False December 3, 2012 Actual-Use Declaration

98.     On about December 3, 2012, Gabet submitted a combined declaration of use and application for renewal of registration. This submission included a declaration, dated December 3, 2012, and signed under the penalty of perjury on behalf of Gabet, stating Gabet is using or is using through a related company Morning Dew in commerce on or in connection with perfumes, colognes, and fragrances for personal use. The declaration was accompanied by a specimen of packaging showing the use of Morning Dew on eau de toilette natural spray.

99.     This declaration was knowingly false and Gabet intended to deceive the USPTO. Gabet has no documents or things that corroborate the full scope of this declaration. The specimen that accompanied the declaration corroborates only part of the declaration because it depicts the use of Morning Dew on packaging for only eau de toilette natural spray and does not therefore show use in commerce on at least cologne.

*Id.* at 40.

Plaintiffs do not explain how these allegations fall short of Rule 9(b)'s pleading standard. Dkt. 293-1 at 2–3; dkt. 326 at 1–3. On the contrary, these detailed allegations identify the details and contents of each allegedly false statement, including what about each statement was false. They are therefore sufficient to meet the heightened Rule 9(b) standard. *See United States ex rel. Mamalakis v. Anesthetix Mgmt. LLC*, 20 F.4th 295, 302–03 (7th Cir. 2021) (holding that a complaint pleaded fraud with particularity when it identified "ten specific examples" of medical billing that falsely identified procedures as "medically directed"); *see also Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan v. Buth*, 99 F.4th 928, 944 (7th Cir. 2024) (explaining, through a representative example, how the complaint pleaded fraud with particularity).

Plaintiffs next argue that Amazon has not pleaded that the alleged false statements were material. Dkt. 293-1 at 4–6. But Plaintiffs argue only that Amazon's allegations do not refer "to a specific alleged misrepresentation." *Id.* at 6; dkt. 326 at 3 ("Given that Amazon does not identify any fraudulent allegations with particularity, as a matter of law this court cannot find that the missing allegations were 'material.'"). Since, as explained above, Amazon has pleaded the alleged false statements with particularity, Plaintiffs cannot succeed on this argument either.

Moreover, Ms. Gabet's alleged false statements are about her intended and actual use of the marks she sought to register. Dkt. 179 at 21–42. That is material to the USPTO's determinations because a registrant's use or intent to use is central to the Lanham Act's trademark-registration provisions. *See* 15

8

U.S.C. § 1127 (defining "trademark" to include terms "used by a person" or "which a person has a bona fide intention to use in commerce"); *Heckler & Koch., Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 904 (S.D. Ind. 2014) (a material misrepresentation is "one that would have affected the PTO's action on the applications").

Amazon has therefore adequately pleaded both the content of Ms. Gabet's allegedly false statements to the USPTO and their materiality.[1]

## IV.
## Conclusion

Plaintiffs' motion to dismiss counterclaims is **DENIED**. Dkt. [293].

**SO ORDERED.**

Date: 11/1/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[1] Because Plaintiffs' motion to dismiss counterclaims is denied for this reason, the Court does not address Amazon's argument that the motion is an impermissible successive Rule 12 motion. *See* dkt. 321 at 9–10.