# Exhibit HH

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Interparfums Luxury Brands, Inc., a corporation organized and existing under the laws of the State of New York with its principal place of business at 440 Park Avenue, New York, New York 10016 ("IPLB") on the one hand and, on the other hand, Renee Gabet, a citizen of Indiana, residing in Ligonier, Indiana ("Gabet") and Annie Oakley Enterprises, Inc., a corporation organized and existing under the laws of Indiana with its principal place of business at 300 Johnson St., Ligonier, Indiana 46767 ("Annie Oakley"). IPLB, Gabet, and Annie Oakley are referred to herein collectively as the "Parties" and each individually as a "Party."

**WHEREAS**, Gabet represents that she is the owner of the following U.S. registrations and trademarks, and Gabet and Annie Oakley represent that they have common law rights in the following trademarks both for the goods listed below and for related goods (collectively, the "Marks"):

| REGISTRATION NO. | MARK | GOODS |
|---|---|---|
| 2,547,492 | SUNSET | body powders, bath gels, soaps for skin, face, body, and bath, and body lotions |
| 2,024,708 | SUNSET | cologne |

**WHEREAS**, Gabet is the owner of Annie Oakley;

**WHEREAS**, Annie Oakley sells fragrance, bath, body, and other products under the Marks;

**WHEREAS**, IPLB is a subsidiary of Interparfums SA, which is the exclusive worldwide licensee for fragrances, toiletries, and associated products of many well-known brands, including COACH;

**WHEREAS**, Interparfums SA has an agreement with Coach IP Holdings LLC to develop and sell fragrance products under the COACH brand, including products bearing the name "COACH DREAMS sunset";

**WHEREAS**, IPLB has sold and continues to sell fragrance products in the United States bearing the name "COACH DREAMS sunset";

**WHEREAS**, on January 20, 2022, Gabet and Annie Oakley filed a Complaint against Amazon.com, Inc. ("Amazon") and 50 John Doe Defendants ("Doe Defendants"), asserting claims for federal trademark infringement, false designation of origin and unfair competition under the Lanham Act, and unfair competition or use of an advertising idea in the United States District Court for the Northern District of Indiana (the "Indiana Action");

1

**WHEREAS**, on November 21, 2022, the Indiana Action was transferred to the United States District Court for the Southern District of Indiana, where it is pending as of the Effective Date under docket number 1:22-cv-02246-JPH-MKK;

**WHEREAS**, Amazon informed IPLB of the Indiana Action by means of an indemnification letter;

**WHEREAS**, on July 20, 2023, as a result of learning of the Indiana Action in which IPLB had a perceived threat of litigation, IPLB filed a Complaint (the "Complaint") against Gabet and Annie Oakley in the United States District Court for the Southern District of New York, under the docket number 1:23-cv-06269-PKC, seeking declaratory relief that IPLB's products bearing the name "COACH DREAMS sunset" do not infringe on Gabet's and Annie Oakley's mark SUNSET and recovery of its attorneys' fees as an exceptional action (the "Civil Action");

**WHEREAS**, on April 26, 2024, Gabet and Annie Oakley answered the Complaint in the Civil Action denying its salient allegations and asserted counterclaims for: (i) federal trademark infringement; (ii) false designation of origin and unfair competition under the Lanham Act; (iii) state law trademark infringement; and (iv) unfair competition (the "Counterclaims");

**WHEREAS**, on May 17, 2024, IPLB answered Gabet and Annie Oakley's Counterclaims in the Civil Action denying its salient allegations; and

**WHEREAS**, the Parties wish to conclusively resolve their differences, terminate the Civil Action, and dispose of any claims that were or could have been asserted in the Indiana Action and the Civil Action.

**NOW**, **THEREFORE**, based upon the mutual promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The recitals set forth above are incorporated herein by reference and made part of this Agreement.

2. **Mutual Release.** The Parties each agree to, and hereby do, fully and irrevocably release each Party and each of its respective past, and present owners, partners, officers, directors, shareholders, members, parent corporations, subsidiaries, affiliates, joint ventures, predecessors, successors, representatives, divisions, related companies, employees, agents, attorneys, insurers, reinsurers, servants, licensors, licensees, assigns, trustees, transferees, beneficiaries, heirs, executors, administrators, manufacturers, distributors, other intermediaries, retailers and other customers, including, but not limited to, Amazon, Coach IP Holdings LLC, and Tapestry, Inc., which are intended as express beneficiaries of this Agreement, and all other persons, entities, and companies acting on their respective behalf, from any and all debts, claims, obligations, rights, liabilities, demands, damages, losses, expenses, costs, complaints, and causes of action related to the Marks based upon acts or omissions from the beginning of time through the Effective Date of this Agreement, whether in law or equity, and whether known or unknown, (collectively, "Claims") including but not limited to all Claims asserted in or arising out of the Indiana Action

and the Civil Action; provided however, that this release as it applies to Amazon extends only to Claims related to the following brands that IPLB has licensed, developed, or sold, that include the term "SUNSET," namely, "Coach Dreams Sunset" and "Kate Spade Live Colorfully Sunset." The mutual release also covers any future use of the term "SUNSET" by IPLB provided that "SUNSET" is an element of a complex designation comprised of at least two-word elements, including but not limited to, IPLB's use of the term "SUNSET" in connection with another brand name (*e.g.*, "Kate Spade Live Colorfully Sunset"), provided however, that in no event does the forgoing release permit IPLB to use "Annie Oakley" or its abbreviation "AO" as part of a multi-word element. For the avoidance of doubt, the scope of the release set forth in this Section 2 does not extend to any Claims unrelated to the Marks.

3. **Covenant Not To Sue**. Gabet and Annie Oakley each agree not to bring, file, claim, sue, prosecute, or cause, assist, or permit to be brought, filed, claimed or prosecuted any action, cause of action, or proceeding (collectively, "Proceeding") against IPLB and each of its respective past, and present owners, partners, officers, directors, shareholders, members, parent corporations, subsidiaries, affiliates, joint ventures, predecessors, successors, representatives, divisions, related companies, employees, agents, attorneys, insurers, reinsurers, servants, licensors, licensees, assigns, trustees, transferees, beneficiaries, heirs, executors, administrators, manufacturers, distributors, other intermediaries, retailers and other customers, including, but not limited to, Amazon, Coach IP Holdings LLC, and Tapestry, Inc., which are intended beneficiaries of this Agreement, and all other persons, entities, and companies acting on their respective behalf relating in any way to the Marks, provided however, that this covenant not to sue as it applies to Amazon extends only to Proceedings related to the following brands that IPLB has licensed, developed, or sold, that include the term "SUNSET," namely, "Coach Dreams Sunset" and "Kate Spade Live Colorfully Sunset." The mutual release also covers any future use of the term "SUNSET" by IPLB provided that "SUNSET" is an element of a complex designation comprised of at least two-word elements, including but not limited to, IPLB's use of the term "SUNSET" in connection with another brand name (*e.g.*, "Kate Spade Live Colorfully Sunset"), provided however, that in no event does the forgoing release permit IPLB to use "Annie Oakley" or its abbreviation "AO" as part of a multi-word element. For the avoidance of doubt, the scope of the covenant not to sue set forth in this Section 3 does not extend to any Proceeding unrelated to the Marks.

4. **Predecessors, Successors, and Assigns.** The Parties' rights and obligations under this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective officers, directors, shareholders, employees, servants, agents, partners, members, attorneys, insurers and reinsurers, subsidiaries, affiliates, divisions, alter egos, parent companies, joint venturers, predecessors, successors, licensees, representatives, assigns, trustees, transferees, beneficiaries, heirs, executors, administrators, and all other persons, entities, and companies acting on their respective behalf.

5. **Stipulation of Settlement and Dismissal.** The Parties agree that, within five (5) business days of the Effective Date, their respective counsel shall sign and IPLB shall file the attached Stipulation of Dismissal of Civil Action with Prejudice to dismiss the Civil Action in its entirety with prejudice.

      6.    **<u>No Admission of Liability</u>.** It is expressly understood and agreed that this Agreement is not an admission on the part of any Party, or that (i) such Party has committed any wrongful acts or any violation of law, or (ii) that any defenses or legal arguments asserted by the other Party are valid.

      7.    **<u>Notices</u>.** Any notice, communication or legal service of process required or arising out of or under this Agreement will be effective only when personally delivered in writing, or on the day after the notice, communication or service is sent by reputable overnight courier service, with a copy by e-mail, addressed to the Parties as listed below or to such other persons and addresses as may be designated in writing by the Parties to each other:

<u>To IPLB:</u>

Pierre Desaulles
Chief Executive Officer
Interparfums Luxury Brands, Inc.
440 Park South
New York, New York
pdesaulles@interparfums.com

<u>With a Copy to:</u>

Peter S. Sloane, Esq.
Leason Ellis LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
sloane@leasonellis.com
cc: lelitpara@leasonellis.com

<u>To Gabet and/or Annie Oakley:</u>

Renee Gabet
Annie Oakley, Inc.
300 Johnson St.
Ligonier, Indiana 46767
renee@annieoakley.com

<u>With a Copy to:</u>

Armin Ghiam, Esq.
Hunton Andrews Kurth LLP
200 Park Avenue
New York, New York
aghiam@HuntonAK.com

4

8. **Authority.** Each of the Parties has all requisite power and authority to enter into this Agreement. This Agreement has been duly and validly executed and delivered by each of the Parties and constitutes a legal, valid and binding agreement of the Parties, enforceable in accordance with its terms. Each of the Parties further represents and warrants that it has the sole right and exclusive authority to execute and perform this Agreement and that it has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand, or any portion of or interest in any claim or demand, relating to any matter covered by this Agreement.

9. **Representations and Warranties.** Each of the Parties hereby expressly states that it has the full legal authority to enter into this Agreement and perform the duties and obligations outlined in this Agreement, has fully consulted with its respective legal counsel, prior to executing this Agreement, and is executing this Agreement on its own free will, after full consultation with its respective legal counsel. Each of the Parties expressly represents and warrants that it has full legal capacity to enter into this Agreement, that it has been advised of its right to discuss all aspects of this Agreement with an attorney, that it has carefully read and fully understands the Agreement, that it has reviewed this Agreement with its respective counsel, that it has had the opportunity to have its counsel answer any questions that it might have had, that it has had a reasonable period of time to consider whether or not to enter into this Agreement, and that it has executed this Agreement voluntarily, knowingly, and without duress, coercion, or undue influence.

10. **Entire Agreement.** This Agreement represents the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all previous representations, understandings or agreements, written or oral, between the Parties with respect to the subject matter hereof.

11. **Agreement Binding.** This Agreement shall be binding upon the Parties, their successors and assigns, heirs, owners, officers, directors, parent corporations, subsidiaries, divisions, employees, agents, servants, attorneys, any entities owned or controlled by a Party, or in which a Party is a partner or officer, and all persons or entities acting in concert or in participation with them.

12. **Modification.** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties sought to be bound. No waiver of any provision of this Agreement shall be valid unless it is in writing and signed by the Party against whom such waiver is charged.

13. **Agreement Jointly Drafted.** This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party as the preparer.

14. **Headings.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

15. **Severability.** Should any provision of this Agreement be declared or be determined by any court to be invalid or otherwise unenforceable, the validity or enforceability of the remaining parts, terms or provisions shall not be affected thereby and said invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

16. **Costs and Fees.** Each of the Parties shall bear its own attorneys' fees and costs including those incurred in connection with the Indiana Action and the Civil Action, and the negotiation and execution of this Agreement.

17. **Governing Law.** This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced, and governed under the laws of New York, without giving effect to applicable principles of conflicts of law to the extent that the application of the laws of another jurisdiction would be required thereby. The Parties agree that the U.S. District Court for the Southern District of New York shall retain jurisdiction over any disputes arising out of or in connection with this Agreement, and the Parties hereby consent to the exclusive jurisdiction and venue of such Court as to both personal jurisdiction and jurisdiction over the subject matter of the dispute. In the event it is found by said Court that it does not possess jurisdiction over the subject matter of the dispute, the Parties alternatively consent to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, New York County as to both personal jurisdiction and jurisdiction over the subject matter of the dispute for any disputes arising out of or in connection with this Agreement.

18. **Prevailing Party**. If any legal action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs incurred in bringing such action or proceeding, in addition to any other relief to which such prevailing party may be entitled.

19. **Execution in Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be considered an original, and both of which together constitute one and the same instrument. Signature may be made by PDF copy and have the same force and effect as an original signature.

20. **Effective Date.** The "Effective Date" of this Agreement is the date of the last executed signature of the Parties as identified below.

**IN WITNESS WHEREOF**, the undersigned Parties have duly executed this Agreement as indicated by their signatures below.

| | |
|---|---|
| **INTERPARFUMS LUXURY BRANDS, INC.** | **ANNIE OAKLEY ENTERPRISES, INC.** |
| By: *Pierre Desaulles* | By: _____ |
| Name: Pierre Desaulles | Name: _____ |
| Title: CEO | Title: _____ |
| Date: 10/16/2024 | Date: _____ |

**RENEE GABET**

By: _____

Name: _____

Date: _____

7

| | | | |
|---|---|---|---|
| **INTERPARFUMS LUXURY BRANDS, INC.** | | **ANNIE OAKLEY ENTERPRISES, INC.** | |
| By: | _____ | By: | *[signature: Renee A. Gabet]* |
| Name: | _____ | Name: | Renee A. Gabet |
| Title: | _____ | Title: | CEO |
| Date: | _____ | Date: | October 17, 2024 |

**RENEE GABET**

By: *[signature: Renee A. Gabet]*

Name: Renee A. Gabet

Date: October 17, 2024

7

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERPARFUMS LUXURY BRANDS, INC., *Plaintiff/Counterclaim-Defendant,* v. RENEE GABET and ANNIE OAKLEY ENTERPRISES, INC., *Defendants-Counterclaim-Plaintiffs.* | Civil Action No. 1:23-cv-6269-PKC |

## STIPULATION OF DISMISSAL OF CIVIL ACTION WITH PREJUDICE

1.  Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff/Counterclaim-Defendant Interparfums Luxury Brands, Inc. and Defendants/Counterclaim-Plaintiffs Renee Gabet and Annie Oakley Enterprises, Inc., by and through their respective counsels of record, hereby stipulate to the dismissal, with prejudice, of the above civil action.

2.  Each of the parties shall bear its own respective attorneys' fees and costs incurred in connection with the action.

8

DATED: _____  By  _____
Peter S. Sloane (PS7204)
Robert M. Isackson (RI4303)
Emily A. Rice (admitted *pro hac vice*)
**LEASON ELLIS LLP**
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: sloane@leasonellis.com;
isackson@leasonellis.com;
rice@leasonellis.com;
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff/Counterclaim-Defendant Interparfums Luxury Brands, Inc.*

DATED: _____  By:  _____
Armin Ghiam
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: aghiam@HuntonAK.com

*Attorneys for Defendants/Counterclaim-Plaintiffs Renee Gabet and Annie Oakley Enterprises, Inc.*

9